# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| NOEL WEBSTER, | ) |
| Plaintiff, | ) |
| v. | ) Case No.: 5:18-cv-1339-LCB |
| THE UNIVERSITY OF ALABAMA IN HUNTSVILLE, et al., | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

This matter is before the court on the Motion to Dismiss filed by Defendants[1] collectively termed by the defendants as "University Parties." (Doc. 15). Upon review and for the reasons stated herein, the court concludes that the defendants' motion to dismiss (Doc. 15) is due to be granted in part. Plaintiff's complaint is due to be stricken as a shotgun pleading, and plaintiff shall file an Amended Complaint in accordance with the court's instructions before proceeding in this action.

---

[1] Defendants are the University of Alabama in Huntsville (UAH); The Board of Trustees of The University of Alabama (Board), each member individually and in their official capacities; Dr. Robert A. Altenkirch, individually and as President of UAH; Dr. Mitchell W. Berbrier, individually and as the Dean of UAH College of Art, Humanities, and Social Sciences; Dr. Christopher D. Ragsdale, individually and as Chair of the Department of Music of UAH; and Kay Ivey, Governor.

## I. FACTUAL HISTORY

Plaintiff's complaint, filed on August 20, 2018, alleges that he was hired by the University of Alabama in Huntsville (UAH) in July 2014, as "Studio/Facility Manager" of the UAH Music Department. (Doc. 1). During his period of employment he communicated numerous facility safety issues and concerns to Dr. Ragsdale (Chair of UAH Dept. of Music), his direct supervisor, and Dr. Berbrier (Dean of UAH Arts and Sciences). (Doc. 1). Plaintiff alleges that his concerns were not properly addressed by UAH and that his voicing of these concerns to the University and later to the Madison County Fire Marshall's Office resulted in his termination in January of 2017. (Doc. 1). Plaintiff alleges one Count against all defendants pursuant to 42 USC §§ 1983 and 1988, that his speech regarding safety issues is protected by the U.S. Constitution and that the defendants violated his civil rights by terminating him as a result of voicing these safety concerns. (Doc. 1). Defendants filed their motion to dismiss on September 13, 2018. (Doc. 15). In their motion to dismiss defendants argue that the complaint should be dismissed pursuant to Rules 12(b)(6) and 12(b)(1) of the Federal Rules of Civil Procedure. (Doc. 15). Plaintiff filed his response on November 5, 2018 (Doc. 20), and defendants filed a reply on November 13, 2018 (Doc. 21).

## I. STANDARD OF REVIEW

### A. **Rule 12(b)(6)** — *Dismissal for Failure To State A Claim Upon Which Relief Can Be Granted*

Federal Rule of Civil Procedure 12(b)(6) permits a party to move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). This rule must be read together with Rule 8(a), which requires that a pleading contain only a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While that pleading standard does not require "detailed factual allegations," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 550 (2007), it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). Essentially, a Rule 12(b)(6) motion to dismiss tests the sufficiency of a complaint against the "liberal pleading standards set forth by Rule 8(a)(2)." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When evaluating a Rule 12(b)(6) motion to dismiss, a district court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. *See Brophy v. Jiangbo Pharms. Inc.*, 781 F.3d 1296, 1301 (11th Cir. 2015).

## II. ISSUES PRESENTED

In support of their motion to dismiss defendants point out that plaintiff's

complaint contains one count and "fails to include any specific factual allegations at all against the individual Trustees, and certainly no allegations as to why they would be individually liable." Thereby defendants have effectively alleged a shotgun type pleading. (Doc. 15). Further, defendants argues that all claims against UAH, University employees, and the Board should be dismissed under Eleventh Amendment Immunity; that The University of Alabama in Huntsville, the Board of Trustees and officials acting in their official capacity are not "persons" under § 1983; In their response plaintiffs concede that "UAH and the Board are not suable 'entities' or 'persons' under 42 U.S.C. § 1983" and that "[d]fendants' Motion to Dismiss, pursuant to Federal R. Civ. P. 12(b)(1), corresponds to their Eleventh Amendment immunity arguments, which are not disputed." (Doc. 20).

## III. DISCUSSION

Due to the fact that it is apparent that the pleading is shotgun in nature, the court will address this issue first. Our Circuit addressed the evolution and types of shotgun pleadings in *Weiland v. Palm Beach Cty Sherriff's Office*, 792 F.3d 1313 (11th Cir. 2015) stating:

> The most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. The next most common type, at least as far as our published opinions on the subject reflect, is a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not

4

obviously connected to any particular cause of action. The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief. Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against. The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests.

*Id.* at 1321–23. An assertion that a complaint is a shotgun pleading is based upon violations of Rule 8(a)(2), as mentioned above, and/or Rule 10(b) which provides:

> (b) Paragraphs; Separate Statements. A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence—and each defense other than a denial—must be stated in a separate count or defense.

Rule 10(b), Fed. R. Civ. P. District courts have the inherent authority to dismiss complaints on shotgun pleading grounds. *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018). However, the court must grant a plaintiff at least one chance to remedy such shotgun pleading deficiencies *sua sponte* before dismissing an action on shotgun pleading grounds. *Id.* "In these cases, even if the parties do not request it, the district court 'should strike the complaint and instruct counsel to replead the case—if counsel [can] in good faith make the representations required by Fed. R. Civ. P. 11(b)." *Id.* (quoting *Byrne v. Nezhat*,

261 F.3d 1075, 1133 n. 113 (11th Cir. 2001)).

Plaintiff's complaint is in the nature of a shotgun pleading for several reasons. First, even though plaintiff's complaint purports to allege only one count it alleges that one count against all defendants rather than separate counts. Second, count one and/or multi-count one re-alleges factual allegations from the previous paragraphs of the complaint for all defendants. Third, by alleging count one against all defendants the complaint has failed to specify which defendants are responsible for which acts or omissions claimed. *Weiland* at 1321-23. Further, the plaintiff in its response stipulates that the complaint, as plead, is deficient as to several claims and that dismissal is proper as to those claims pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. The only appropriate remedy at this point is to strike the complaint and allow the plaintiff to re-plead if he wishes to proceed with this case. *Vibe Micro, Inc.*, 878 F. 3d at 1295. The court will forego ruling on the arguments pursuant to Rules 12(b)(1) and 12(b)(6) since this is plaintiff's first complaint and the result would be the same.

## IV. CONCLUSION

Based upon the foregoing, Defendants Motion to Dismiss (Doc. 15) is due to be granted, in part. Plaintiff's Complaint (Doc. 1) is due to be stricken, and Plaintiff will be required to re-plead the complaint to remedy the deficiencies identified in this Memorandum Opinion. A separate order will be entered

simultaneously with this opinion.

**DONE** and **ORDERED** this July 18, 2019.

_____
**LILES C. BURKE**
UNITED STATES DISTRICT JUDGE